LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK LLP

600 SOUTH AVENUE WEST • WESTFIELD, NEW JERSEY 07090
T: 908.654.5000 • F: 908.654.7866 • WWW.LDLKM.COM

CHINA: UNIT 3405A • TEEM TOWER • 208 TIANHE ROAD • TIANHE DISTRICT
GUANGZHOU, GUANGDONG 510620 • CHINA • T: +86 20 3810-3788 • F: +86 20 3810-3789

INTELLECTUAL PROPERTY LAW

**Roy H. Wepner**
908.518.6306
RWepner@ldlkm.com

July 17, 2014

**Document Electronically Filed**

The Honorable Daniel E. O'Toole
Circuit Executive and Clerk of Court
United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington, DC 20439

Re: *Content Extraction & Transmission v. Wells Fargo*
Appeal Nos. 13-1588, -1589, 14-1112, -1687
Citation Of Supplemental Authority Pursuant To
Fed. R. App. P. 28(j): ***Wildtangent, Inc. v. Ultramercial, LLC,***
No. 13-255 (U.S., June 30, 2014)

Dear Mr. O'Toole:

On June 30, 2014, the Supreme Court in *Wildtangent* granted *certiorari*, vacated the judgment, and remanded the case of *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335 (Fed. Cir. 2013) ("*Ultramercial II*"), to this Court for further consideration in light of *Alice Corp. v. CLS Bank International*, No. 13-298 (U.S., June 19, 2014).

In the present appeals, appellant Content Extraction and Transmission LLC ("CET") relied on this Court's majority opinion and the concurring opinion in *Ultramercial II* repeatedly and extensively. (The Table of Authorities in CET's Blue Brief gives the page reference as "passim," *i.e.*, throughout the brief.) More particularly, CET relied on *Ultramercial II* to support the following propositions, among others:

- It will be rare that a patent infringement suit can be dismissed at the pleading stage for lack of patentable subject matter, given the presumption of validity and the requirement of clear and convincing evidence to the contrary. (Blue Br. 14-15.)
- Any inquiry into the scope of "preemption" under 35 U.S.C. § 101 will involve "historic facts" regarding the field of the invention. (*Id.* at 15-16.)
- An analysis under 35 U.S.C. § 101, while ultimately a legal determination, is "rife with underlying factual issues," "includ[ing] . . . claim interpretation," which "must be resolved." (*Id.* at 19.)

- CET's position on claim construction had to be accepted in the procedural posture of the case. (*Id.* at 27.)

In addition, Diebold has acknowledged *Ultramercial II*'s statement that "claim construction normally will be required," though Diebold noted that all members of the panel agreed it was not needed in that case. (Diebold Red. Br. 17 (citing *Ultramercial II*, 722 F.3d at 1339).)

Because the Supreme Court has now vacated *Ultramercial II*, it has "no precedential value." *A123 Sys. v. Hydro-Quebec*, 626 F.3d 1213, 1219 (Fed. Cir. 2010).

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff/Cross-Appellant*
*Diebold, Incorporated*

By: s/ Roy H. Wepner
Roy H. Wepner

BAKOS & KRITZER
*Attorneys for Defendants/Appellees*
*The PNC Financial Services Group, Inc.*
*and PNC Bank, N.A.*

By: s/ Noam J. Kritzer
Noam J. Kritzer

KIRKPATRICK, TOWNSEND &
STOCKTON LLP
*Attorneys for Defendant/Appellee*
*Wells Fargo Bank, N.A.*

By: s/ Frederick L. Whitmer
Frederick L. Whitmer

RHW/dg
cc: Counsel of Record (via ECF)

LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK LLP

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

Pursuant to Rules 28(j) and 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the undersigned hereby certifies that, based upon the word count of the word-processing system used to prepare this letter, the number of words in the body of this letter is 296.

Dated: July 17, 2014

By: s/ Roy H. Wepner
Roy H. Wepner