LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK LLP

600 SOUTH AVENUE WEST • WESTFIELD, NEW JERSEY 07090
T: 908.654.5000 • F: 908.654.7866 • WWW.LDLKM.COM

CHINA: UNIT 3405A • TEEM TOWER • 208 TIANHE ROAD • TIANHE DISTRICT
GUANGZHOU, GUANGDONG 510620 • CHINA • T: +86 20 3810-3788 • F: +86 20 3810-3789

INTELLECTUAL PROPERTY LAW

**Roy H. Wepner**
908.518.6306
RWepner@ldlkm.com

November 19, 2014

**Document Electronically Filed**

The Honorable Daniel E. O'Toole
Circuit Executive and Clerk of Court
United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington, DC 20439

Re: *Content Extraction & Transmission v. Wells Fargo*
Appeal Nos. 13-1588, -1589, 14-1112, -1687
Argued September 9, 2014 (Judges Dyk, Taranto, and Chen)
Citation Of Supplemental Authority Pursuant To
Fed. R. App. P. 28(j): ***Ultramercial, Inc. v. Hulu, LLC***,
No. 2010-1544, 2014 U.S. App. LEXIS 21633 (Fed. Cir. Nov. 14, 2014)

Dear Mr. O'Toole:

After the Supreme Court vacated this Court's prior decision in this case ("*Ultramercial II*"), this Court has now (in "*Ultramercial III*") affirmed the district court's judgment that the patent at issue does not claim patent-eligible subject matter under 35 U.S.C. § 101. While this Court's substantive analysis is fully consistent with the positions urged by the undersigned Cross-Appellant and Appellees, this Court's treatment of the procedural issues raised herein by Appellant Content Extraction and Transmission LLC ("CET") constitutes further refutation of CET's procedural arguments.

**First**, this Court's affirmance was of a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), *see* slip op. at 7, as was the case here. Indeed, the concurring opinion of Judge Mayer suggests that utilizing Rule 12 at the outset of a patent case is not only proper but essential. Concurrence 2-6.

**Second**, the district court invalidated the patent "without formally construing the claims," slip op. at 5, and this Court analyzed the § 101 issue "[w]ithout purporting to construe the claims . . . ," *id.* at 9. As we have argued, CET has advanced no reason in this case why a ruling on § 101 had to await formal claim construction.

**Third**, in *Ultramercial III*, the patentee had filed suit "alleging infringement of all [16] claims of the '545 patent." Slip op. at 5. This Court treated claim 1 as "representative" and noted that, "As the other claims of the patent are drawn to a similar process, they suffer from the same infirmity as claim 1 and need not be considered further." *Id.* Here, the district court ruled that:

"Where the claims, as here, are substantially similar and linked to the same abstract idea, the Court is free to dispose of the additional claims in a less detailed fashion." (A12.)

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff/Cross-Appellant*
*Diebold, Incorporated*

By: s/ Roy H. Wepner
Roy H. Wepner

BAKOS & KRITZER
*Attorneys for Defendants/Appellees*
*The PNC Financial Services Group, Inc.*
*and PNC Bank, N.A.*

By: s/ Noam J. Kritzer
Noam J. Kritzer

KIRKPATRICK, TOWNSEND &
STOCKTON LLP
*Attorneys for Defendant/Appellee*
*Wells Fargo Bank, N.A.*

By: s/ Frederick L. Whitmer
Frederick L. Whitmer

RHW/dg

cc: Counsel of Record (via ECF)

LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK LLP

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

Pursuant to Rules 28(j) and 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the undersigned hereby certifies that, based upon the word count of the word-processing system used to prepare this letter, the number of words in the body of this letter is 302.

Dated: November 19, 2014

By: s/ Roy H. Wepner
Roy H. Wepner